UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA WASHBURN,

        Plaintiff,

v.

AMERICAN HOME MORTGAGE SERVICING, INC. and DEUTSCHE BANK NATIONAL TRUST COMPANY,

        Defendants.

Case No. 11-12890
Honorable Julian Abele Cook, Jr.

ORDER

      The Plaintiff in this civil litigation, Patricia Washburn, alleges that the Defendants, American Home Mortgage Servicing, Inc. ("AHMSI") and Deutsche Bank National Trust Company ("Deutsche Trust") violated several federal and state laws in connection with foreclosure proceedings against her property. On December 6, 2011, the Court convened a hearing to address a motion to dismiss that had been filed by the Defendants. However, for the reasons stated on the record and discussed in more detail below, the Court granted a request by Washburn for leave to file a first amended complaint.

      The Defendants have argued that several of Washburn's claims should be dismissed for her failure to satisfy the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Specifically, they contend that Washburn has failed to state a cognizable claim in her complaint because, in their opinion, she has only made conclusory recitations of the elements of her respective causes of action. Thus, it is their position that the

allegations within her complaint are without a sufficiency of facts to survive the *Twombly* and *Iqbal* analyses. Washburn disputes this contention by (1) pointing to relevant allegations which, in her opinion, set forth a sufficiency of facts that satisfy the *Twombly* and *Iqbal* tests, and (2) stating that certain necessary, specific factual allegations can be inferred from the complaint. In the alternative, she requests leave to amend her complaint to more specifically plead her claims. The Defendants are correct when they argue that many of these claims fail to provide a specific factual basis for their claimed violations. *See Iqbal*, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court does not believe that it - or, for that matter, the Defendants - should be in the position of having to infer that which should be specifically alleged. Thus, the Court now turns to Washburn's request to amend her complaint.

The Federal Rules of Civil Procedure provide that, unless an amendment is filed under circumstances that are not applicable here, a party may amend a pleading only with the consent of the opposing party or the specific authority of the court. Fed. R. Civ. P. 15(a). This Rule is to be construed liberally, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court, speaking of the Federal Rules generally as well as of Rule 15 in particular, has stated that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [ ] mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (citation omitted) ("[T]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings."). The underlying purpose of allowing parties to amend their pleadings is to permit the issues to be tried on the merits. *Foman*, 371 U.S. at 182 ("If the

underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

The Supreme Court has articulated several factors that are relevant to the propriety of granting a request for leave to amend. "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182; *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007) ("Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment.").

Here, these factors support granting Washburn's request to amend. It comes only three and a half months after the filing of the complaint and prior to the taking of any discovery or the elapsing of any deadlines, Fed. R. Civ. P. 16(b)(3)(A). There is no suggestion by the opposition that her request to amend is the result of bad faith or a dilatory motive. Inasmuch as this is her first request to amend her complaint, there has been no failure to cure the deficiencies by previously-allowed amendments. At this early stage, the Court cannot say that an amendment would be futile - especially in light of the highly unusual factual underpinnings of this case, which certainly appear to support a resolution of Washburn's claims on their merits. While granting her request may, by necessity, delay an ultimate resolution of the issues and cause the Defendants to incur some additional costs, this does not constitute an "undue" prejudice where Washburn seeks only to

clarify her pleadings rather than, for example, adding several new and unanticipated claims at a late stage of the litigation.

For these reasons, the Court grants Washburn's request for leave to amend her complaint. As directed by the Court, Washburn must file her amended complaint within a period of twenty (20) days from the date of the December 6 hearing. If she fails to do so, the Court will evaluate her claims based only upon the allegations within the original complaint. The Defendants will thereafter have a period of twenty (20) days from the filing of the amended complaint in which to respond. Any remaining deadlines will be governed by E.D. Mich. LR 7.1(e).

IT IS SO ORDERED.

Date: December 22, 2011          S/Julian Abele Cook, Jr.
                                 JULIAN ABELE COOK, JR.
                                 United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 22, 2011.

s/ Kay Doaks
Case Manager